FILED
2017 Dec-18 AM 09:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| **MARLENY MORALES-PEREZ,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action Number |
| ) | **7:17-cv-01301-AKK-JEO** |
| **WARDEN, PATRICA V.** ) | |
| **BRADLEY,** ) | |
| ) | |
| Respondent. ) | |
| ) | |

## MEMORANDUM OPINION

This is a habeas corpus action filed pursuant to 28 U.S.C. § 2241 by Marleny Morales-Perez ("Petitioner"), *pro se*, a federal prisoner at the Federal Correctional Institution in Aliceville, Alabama. Doc. 1. She is serving an 84-month sentence imposed by the United States District Court for the Southern District of New York after she pleaded guilty to a charge of conspiring to distribute controlled substances, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. *See id.* at 1. In her habeas application, Petitioner brings claims alleging that she is due to be released from custody and repatriated to Colombia on the grounds that she was prosecuted (1) after she was unlawfully extradited from that country and (2) after having been entrapped into violating the law by a confidential source working for the United States Drug Enforcement Administration. On November 30, 2017, the magistrate judge to whom

the case is referred entered a Report and Recommendation pursuant to 28 U.S.C. § 636(b) recommending that the petition be dismissed for lack of jurisdiction. Doc. 3 ("R&R")). Petitioner has now filed timely objections to the magistrate judge's R&R. Doc. 4.

In his R&R, the magistrate judge characterized Petitioner's claims demanding her release from custody because she was purportedly entrapped and unlawfully extradited as attacking the validity of her federal conviction and sentence. As such, the magistrate judge reasoned that Petitioner's claims might be raised only in a motion to vacate filed in the sentencing court under 28 U.S.C. § 2255 unless habeas jurisdiction exists pursuant to the "savings clause" of 28 U.S.C. § 2255(e). And, the magistrate judge opined that the Eleventh Circuit's narrow reading of the savings clause in *McCarthan v. Director of Goodwill Indust.-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017) (en banc), *cert. denied*, 2017 WL 3036778 (Dec. 4, 2017), forecloses any exercise of such habeas jurisdiction.

In her objections, Petitioner now contends that the magistrate judge "misconstrued" her habeas claims. Doc. 4 at 1. In particular, she maintains that she has raised "claims attacking the legality of [her] extradition order [from Colombia], not the legality of her conviction, so to speak." *Id.* That is, she says, her claims are not brought "under the so-called savings clause [of § 2255(e)]," but, rather, "are in

line with the essential purpose of § 2241 Habeas relief," on the theory that she seeks "to test the illegality of her Extradition from Perriera, Columbia (sic), where there was no valid treaty in effect between Columbia (sic) and the United States at the time." *Id.* at 2. "Therefore," she insists, "she was unlawfully extradited and is currently unlawfully confined in violation of the 4th amendment and, possibly due process procedures." *Id.*

Unfortunately for Petitioner, her objections, for which she cites no legal authority, are without merit. Specifically, while Petitioner now disavows that she is attacking her federal conviction or sentence, a review of the § 2241 habeas form petition shows she candidly marked the "Yes" box when it asked her, "In this petition, are you challenging the validity of your conviction or sentence as imposed?" Doc. 1 at 4, ¶ 10. Moreover, while Petitioner says that her allegations of "entrapment . . . are relevant to this case," doc. 4 at 1, she offers no explanation for how her associated claim by which she demands to be released because she was entrapped might be viewed as anything other than an attack on her federal conviction. *See generally, e.g., United States v. Aibejeris*, 28 F.3d 97, 99 (11th Cir. 1994) ("Aibejeris challenges his conviction for money laundering on the ground that the government entrapped him.").

As for Petitioner's contention that the court has habeas jurisdiction over her case because her other claim attacks the legality of the order by which she was extradited from Colombia, rather than her federal conviction, this contention is also unavailing. In fact, Petitioner undermines her own arguments. For example, although Petitioner asserts that habeas jurisdiction exists because she is "in custody in violation of the Constitution or laws or **treaties** of the United States," doc. 4 at 2 (emphasis in original), she claims immediately thereafter that her extradition was ostensibly illegal specifically because "there was no valid treaty in effect between Columbia (sic) and the United States at the time." *Id.* Similarly, Petitioner also argues that habeas jurisdiction exists over her extradition-related claim by emphasizing that the pre-printed § 2241 habeas form she completed says that it is to be used by a person who is in federal custody "because of something other than a judgment of conviction," including because "you are in pretrial detention or are awaiting extradition . . . or . . . are alleging that you are illegally detained in immigration custody." Doc. 4 at 1. However, Petitioner is not detained in immigration custody or awaiting extradition. Rather, she is in federal prison, serving a sentence that is authorized by a federal criminal judgment of conviction. Stated differently, Petitioner's present confinement is authorized by her federal sentence, not her extradition order. Therefore, attacking the latter is of no help to the

Petitioner, as far as the writ of habeas corpus is concerned, unless the illegality of her extradition bears on the validity of her federal conviction.

Accordingly, Petitioner's habeas claim by which she demands release from custody based on the putative irregularity of her extradition also amounts to an attack on her federal conviction. As such, the magistrate judge correctly concluded that this court lacks jurisdiction to hear Petitioner's claim under the savings clause of § 2255(e), as construed by the Eleventh Circuit in *McCarthan*. *See Merit v. United States*, 981 F.2d 1258 (table), 1992 WL 361254, *1-2 (9th Cir. 1992) (affirming district court's dismissal of habeas action in which federal prisoner sought his release based on a claim that he was improperly extradited from South Africa); *Ramos v. Hastings*, 2014 WL 317367, at *3 (S.D. Ga. Jan. 28, 2014) (holding that claims alleging violations of extradition treaty between the United States and the Dominican Republic were an attack on the validity of petitioner's federal conviction and sentence and did not fall within savings clause jurisdiction).

Therefore, having carefully reviewed and considered *de novo* all the materials in the court file, including the magistrate judge's Report and Recommendation and the Petitioner's Objections thereto, the court is of the opinion that the magistrate judge's findings are due to be and are hereby **ADOPTED** and his recommendation is **ACCEPTED**. Petitioner's Objections are **OVERRULED**. As a result, the petition

for writ of habeas corpus is due to **DISMISSED WITHOUT PREJUDICE**, for lack of jurisdiction. A separate Final Order will be entered.

**DONE** the 18th day of December, 2017.

                                         **ABDUL K. KALLON**
                                   UNITED STATES DISTRICT JUDGE